**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

QUANONA CRITTENDEN,

     Plaintiff,

v.

BAKER COUNTY, GA,
&
DANA MEADE IN HIS OFFICIAL
CAPACITY AS SHERIFF OF BAKER
COUNTY, GA,

     Defendants.

CIVIL ACTION FILE NO.

**JURY TRIAL DEMANDED**

## COMPLAINT

COMES NOW Plaintiff, Quanona Crittenden ("Plaintiff"), by and through her undersigned counsel, The Kirby G. Smith Law Firm, LLC, and hereby files this Complaint against Defendant Baker County, GA and Defendant Dana Meade in his official capacity as Sheriff of Baker County, GA (hereinafter referred to collectively as "Defendants"), showing the following:

## I. NATURE OF COMPLAINT

1.  Plaintiff brings this action for damages, reasonable attorney's fees, court costs, and expenses based on Defendants' violation of her rights pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq. ("Title VII") and 42

U.S.C. § 1983 ("§ 1983").

## II. PARTIES

2.      Plaintiff is a resident of the State of Georgia, a citizen of the United States of America, and is subject to the jurisdiction of this Court.

3.      Defendant Baker County, GA is a local government entity in Baker County, Georgia.

4.      Defendant Baker County, GA may be served by delivering a copy of the Complaint and Summons to Randy Johnson, County Manager, 167 Baker Place, Newton, Georgia 39870 or to Baker County, GA Board of Commissioners, 167 Baker Place, Newton, Georgia 39870.

5.      Defendant Dana Meade is sued in his official capacity as Sheriff of Baker County, GA.

6.      Defendant Dana Meade, in his official capacity as Sheriff of Baker County, GA, may be served by delivering a copy of the Complaint and Summons to Dana Meade, Sheriff, 167 Baker Place, Newton, Georgia, 39870.

7.      Defendants were joint employers at all times relevant to this complaint.

8.      Defendants are subject to the requirements of the laws enumerated in the Jurisdiction and Venue section of this Complaint.

## III. JURISDICTION AND VENUE

9.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 over Counts I and II of this Complaint, which arise out of Title VII.

10.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 over Counts III and IV of this Complaint, which arise out of 42 U.S.C. §§ 1983 and 1988.

11.     This Court has jurisdiction over the parties of this action because a substantial portion of the employment practices described herein took place within the Albany Division of the Middle District of Georgia.

12.     Plaintiff exhausted all administrative remedies in this matter.

13.     This action has been timely commenced.

14.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## IV. FACTUAL ALLEGATIONS

15.     Defendants are now, and at all times relevant hereto have been, an employer subject to Title VII.

16.     Defendant Baker County is now, and at all times relevant hereto has been, a public employer subject to § 1983.

17.     Plaintiff was, at all times relevant hereto, a public employee pursuant to § 1983.

18.     Plaintiff was employed by Defendants from February 24, 2020, until July 1, 2020.

19.     Plaintiff is African American.

20.     Plaintiff is female.

21.     During all times relevant to her claims, Defendants were aware of Plaintiff's race and gender.

22.     During all times relevant to her claims, Plaintiff was the only female deputy employed by Defendants.

23.     Prior to the events in question, Plaintiff received no disciplinary actions or other indication of poor performance.

24.     Plaintiff was initially hired as a Sheriff's Deputy by Defendants.

25.     In April 2020, Plaintiff was promoted to a Corporal within the Sheriff's Department by Chief Deputy Charles Griffin.

26.     Plaintiff was told she would receive a raise in conjunction with her promotion to Corporal.

27.     That raise, however, was thereafter denied.

28.     Male deputies employed by Defendants, however, were not similarly denied a raise.

29.     Around the same time Plaintiff's raise was denied, a supervisory officer, Mr.

Bryan Johnson, began to hold Plaintiff to higher standards than the Caucasian, male officers comparable to Plaintiff, specifically pertaining to the writing of reports.

30.    Officer Johnson is Caucasian.

31.    Officer Johnson is male.

32.    Plaintiff complained to Officer Johnson and Chief Griffin regarding her concerns of discrimination.

33.    No remedial action was taken.

34.    Plaintiff was thereafter accused of insubordination for a conversation regarding the same reported concerns of discrimination between her and Mr. Johnson.

35.    It was soon after revealed that Mr. Johnson's camera footage of that conversation, which would have disproved the claims of insubordination, had mysteriously been erased.

36.    Following her complaint of discrimination, Plaintiff was formally reprimanded by Chief Griffin.

37.    Based on the on-going disparate treatment and adverse actions taken against her, Plaintiff submitted her resignation from her employment with Defendants on June 24, 2020.

38.     Defendants soon after terminated Ms. Crittenden's employment early, on July 1, 2020.

39.     Plaintiff filed a claim with the Equal Employment Opportunity Commission ("EEOC") on or about December 18, 2020, Charge Number 410-2021-02003.

40.     Plaintiff received her Dismissal and Notice Rights from the EEOC, dated December 8, 2022.

## V. CLAIMS FOR RELIEF

### COUNT I: TITLE VII GENDER DISCRIMINATION AGAINST BOTH DEFENDANTS

41.     Plaintiff incorporates by reference all Paragraphs and allegations set forth in this Complaint as though fully and completely set forth herein.

42.     Plaintiff was jointly employed by Defendants at all times relevant to this complaint.

43.     Plaintiff is a member of a protected class by virtue of her gender.

44.     Defendants were aware of Plaintiff's gender.

45.     Defendants discriminated against Plaintiff in the terms and conditions of her employment based on gender by denying Plaintiff a raise received by male officers.

46.     Plaintiff suffered the adverse actions of disciplinary action and constructive discharge.

47.     Defendants have no legitimate business reasons for the adverse actions

against Plaintiff.

48.    Plaintiff suffered damages as a result of Defendants' discrimination, for which she is entitled to recovery.

## COUNT II: TITLE VII RETALIATION
## AGAINST BOTH DEFENDANTS

49.    Plaintiff incorporates by reference all Paragraphs and allegations set forth in this Complaint as though fully and completely set forth herein.

50.    Plaintiff was jointly employed by Defendants at all times relevant to this complaint.

51.    Plaintiff is a member of a protected class by virtue of her race and gender.

52.    Defendants were aware of Plaintiff's race and gender.

53.    Plaintiff engaged in a protected activity pursuant to Title VII by complaining in good faith about the illegal race and gender discrimination perpetrated by Defendants.

54.    Defendants retaliated against Plaintiff by taking adverse employment actions in violation of Title VII.

55.    Defendants retaliated against Plaintiff by subjecting Plaintiff to a hostile work environment and disciplinary action in violation of Title VII.

56.    Defendants retaliated against Plaintiff by constructively discharging Plaintiff, in violation of Title VII.

57.   Defendants have no legitimate business reasons for the adverse actions against Plaintiff.

58.   Plaintiff suffered damages as a result of Defendants' retaliation, for which she is entitled to recovery.

## COUNT III: § 1983 RETALIATION
## AGAINST DEFENDANT BAKER COUNTY

59.   Plaintiff incorporates by reference all Paragraphs and allegations set forth in this Complaint as though fully and completely set forth herein.

60.   Plaintiff is a member of a protected class by virtue of her race.

61.   Defendants were aware of Plaintiff's race.

62.   Plaintiff engaged in statutorily and constitutionally protected activity by complaining in good faith about illegal race discrimination perpetrated by Defendants.

63.   Defendants retaliated against Plaintiff by taking adverse employment actions in violation of § 1983.

64.   Defendants retaliated against Plaintiff by subjecting Plaintiff to a hostile work environment and disciplinary action in violation of § 1983.

65.   Defendants retaliated against Plaintiff by constructively discharging Plaintiff, in violation of § 1983.

66.   Defendants have no legitimate business reasons for the adverse actions

against Plaintiff.

67.     Plaintiff suffered damages as a result of Defendants' retaliation, for which she is entitled to recovery.

<b><u>COUNT IV: § 1988 ATTORNEY FEES AND COSTS<br>AGAINST DEFENDANT BAKER COUNTY</u></b>

68.     Plaintiff incorporates by reference all Paragraphs and allegations set forth in this Complaint as though fully and completely set forth herein.

69.     As Defendant violated Plaintiff's rights protected by 42 U.S.C. §§ 1983 and 1981, Plaintiff is entitled to recover her attorney's fees and expenses as provided by § 1988 and other relevant federal statutes.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

a.      Declaratory relief;

b.      Actual and compensatory damages in an amount to be determined by the enlightened conscience of a jury; and

c.      Attorney's fees, costs of litigation and any other relief the Court deems just and proper.

Respectfully submitted this 8th day of March, 2023.

THE KIRBY G. SMITH LAW FIRM, LLC

s/Amanda M. Brookhuis
Amanda Brookhuis
Georgia Bar No. 601396
*Attorney for Plaintiff*

4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
T: (678) 379-7945
F: (877) 352-6253
amb@kirbygsmith.com

## **JURY DEMAND**

Plaintiff requests a jury trial on all questions of fact raised by this Complaint.

Respectfully submitted this 8th day of March, 2023.

THE KIRBY G. SMITH LAW FIRM, LLC

s/Amanda M. Brookhuis
Amanda Brookhuis
Georgia Bar No. 601396
*Attorney for Plaintiff*

4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
T: (844) 454-7529
F: (877) 352-6253
amb@kirbygsmith.com